


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KLEIMAN & HOCHBERG, INC.,

                    Plaintiff,              Case No.:

   -against-                                 COMPLAINT (to Enforce Payment From Produce Trust)

NOVA INT'L OF NY, INC. d/b/a HABROR
MARKETPLACE and CENGIZ E. KAYATEKIN
                    Defendant.

KLEIMAN & HOCHBERG, INC. (hereinafter referred to as "KLEIMAN" or "plaintiff"), for its complaint against defendant, alleges:

### JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

2. Venue in this District is based on 28 U.S.C. §1391 in that the events constituting the claims arose in this District.

### PARTIES

3. Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

4. Defendant, NOVA INT'L OF NY, INC. d/b/a HARBOR MARKETPLACE (hereinafter referred to as "NOVA" or "defendant"), upon information and belief, is a New York

corporation with a principal place of business at 339 Merrick Road, Amityville, New York 11701, and was at all times pertinent herein, a dealer and commission merchant and subject to and licensed under the provisions of the PACA as a dealer and commission merchant.

5. The defendant, CENGIZ E. KAYATEKIN, is a principal officer, director and shareholder of NOVA and was the conscious moving force concerning the operations of that corporation.

6 The defendant, CENGIZ E. KAYATEKIN, directed all of the activities and operations of NOVA

7. The defendant, CENGIZ E. KAYATEKIN, is a principal officer, director and shareholder of NOVA and was the conscious moving force concerning the operations of that corporation.

8. The defendant, CENGIZ E. KAYATEKIN, directed all of the activities and operations of NOVA.

## GENERAL ALLEGATIONS

10. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

11. Plaintiff sold and delivered to defendant, in interstate commerce, $19,823.00 worth of wholesale quantities of produce.

12. Defendant has failed to pay for the produce when payment was due, despite repeated

demands and presently owes plaintiff $19,823.00.

13. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

14. Plaintiff preserved its interest in the PACA trust in the amount of $19,823.00 and remains a beneficiary until full payment is made for the produce.

15. The defendant is experiencing severe cash flow problems and is unable to pay plaintiff for the produce plaintiff supplied.

16. The defendant's failure and inability to pay shows that the defendant is failing to maintain sufficient assets in the statutory trust to pay plaintiff and is dissipating trust assets.

## COUNT 1 AGAINST DEFENDANT NOVA
## (FAILURE TO PAY TRUST FUNDS)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. The failure of defendant to make payment to plaintiff of trust funds in the amount of $19,823.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $19,823.00 to plaintiff.

### COUNT 2 AGAINST DEFENDANT NOVA
### (FAILURE TO PAY FOR GOODS SOLD)

19. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. Defendant failed and refused to pay plaintiff $19,823.00 owed to plaintiff for produce received by defendant from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $19,823.00 against the defendant.

### COUNT 3 AGAINST DEFENDANTS NOVA and KAYATEKIN
### (INTEREST AND ATTORNEY'S FEES)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. As a result of defendants failure to make full payment promptly of $19,823.00, plaintiff has lost the use of said money.

23. As a further result of defendants failure to make full payment promptly of $19,823.00, plaintiff, has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

### COUNT 4 AGAINST CENGIZ E. KAYATEKIN
### (FAILURE TO PAY TRUST FUNDS)

24. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 23 above as if fully set forth herein.

25. The defendant, CENGIZ E. KAYATEKIN, is personally responsible to pay all sums due to the plaintiff.

WHEREFORE, plaintiff requests judgment against the defendant in the sum of $19,823.00, for prejudgment interest from July 1, 2006 and attorneys fees, together with the costs and disbursements of this action.

Dated this 4th day of September, 2007.

Respectfully submitted,

KREINCES & ROSENBERG, P.C.

By: *[signature]*

LEONARD KREINCES (LK/6524)
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500

Z:\kreinces1\WORK\HUNTSPOINT\KLEIMAN\nova int'l\Complaint.wpd